UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

United States of America,

    Plaintiff,

vs.

Civil No.
Honorable:

One (1) 2007 Jeep Wrangler,
VIN #1J4GA39197L112548 4DSW,

One (1) 2013 Chevrolet Camaro 2Dr,
VIN #2G1FS1EW6D9239239,

    Defendants *in Rem*.

---

## COMPLAINT FOR FORFEITURE

---

NOW COMES Plaintiff, the United States of America, by and through DAWN N. ISON, United States Attorney for the Eastern District of Michigan, and GJON JUNCAJ, Assistant United States Attorney, and for its Complaint for Forfeiture states:

### **JURISDICTION AND VENUE**

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

1

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(a), (b), and (c) because the action accrued and the Defendant Currency was found, seized and remains in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendant Vehicles were seized pursuant to judicially authorized federal seizure warrants on or about March 30, 2023. The Defendant Vehicles are described as follows:

    a. One 2007 Jeep Wrangler, VIN #1J4GA39197L112548

2

       4DSW;

    b. One 2013 Chevrolet Camaro 2Dr, VIN #2G1FS1EW6D9239239

(Collectively, the "Defendant Vehicles")

## STATUTORY BASIS FOR CIVIL FORFEITURE AND UNDERLYING CRIMINAL STATUTES

8. The Defendant Vehicles are traceable to proceeds of Wire Fraud, in violation of 18 U.S.C. § 1343, which provides in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises, transmits or causes to be transmitted by means of wire . . . in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

9. The Defendant Vehicles were also involved in violations of federal money laundering laws. Pursuant to 18 U.S.C. § 1956(a)(1)(B), it is a crime to knowingly conduct a "financial transaction" involving the proceeds of "specified unlawful activity," knowing that the transaction is designed in whole or in part to (a) conceal or disguise the nature, the location, the source, the ownership, or the control of such proceeds.

3

The term "financial transaction" means:

> (A) a transaction which in any way or degree affects interstate or foreign commerce (i) **involving the movement of funds by wire or other means** or (ii) involving one or more monetary instruments, or (iii) **involving the transfer of title to any real property, vehicle, vessel, or aircraft**, or (B) a **transaction involving the use of a financial institution** which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree[.]

18 U.S.C. § 1956(c)(4)(emphasis added). "[S]pecified unlawful activity" includes any activity or act constituting an offense listed in 18 U.S.C. § 1961(1) and 18 U.S.C. § 1956(c)(7). Wire fraud is a specified unlawful activity listed in 18 U.S.C. § 1961(1).

10. The Defendant Vehicles are subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C). This statute provides that the following property is subject to forfeiture to the United States:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting a "specified unlawful activity" (as defined in section 1956(c)(7) of this title [and further referencing section 1961(1)), or any conspiracy to commit such offense.

The Defendant Vehicles are also subject to civil forfeiture as property involved in money laundering. Pursuant to 18 U.S.C. § 981(a)(1)(A), the

4

following property is subject to forfeiture to the United States:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

## FACTUAL BASIS SUPPORTING FORFEITURE

11. The Defendant Vehicles are traceable to proceeds of a scheme to violate 18 U.S.C. § 1343 (wire fraud) and constitute property involved in violations of 18 U.S.C. § 1956 (money laundering). As result, the Defendant Vehicles are subject to civil judicial forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

The facts supporting the forfeiture of the Defendant Vehicles include, but are not limited to, the following:

a. In or around 2014 and continuing through December 2022, Trisha Ann Morrow (Trisha Morrow) was employed by Northern Drill Inc. (Northern Drilling) in Cheboygan, Michigan as an office manager. As part of her employment duties Morrow was authorized by Northern Drilling to pay the company business expenses utilizing the corporate credit cards of Northern Drilling. For a period of time the expenses were paid

5

monthly by checks prepared by Morrow and subsequently signed by the owner of Northern Drilling.

b. Arrangements were subsequently made to allow for Northern Drilling to make online credit card payments directly from the company's checking account at First Community Bank located in Cheboygan, Michigan. The mailing addresses associated with the Northern Drilling credit cards were also changed to Trisha Morrow's personal address in Cheboygan, Michigan. The new direct payment arrangement and address changes allowed Trisha Morrow to conceal her own personal and unauthorized purchases funded by Northern Drilling.

c. To further investigate Trisha Morrow's fraud activity related to Northern Drilling, on December 22, 2022, a judicially authorized state search warrant was executed at Trisha Morrow's residence. On the same day, Trisha Morrow transferred title to approximately 13 vehicles, including the Defendant Vehicles, to her daughter. The transfers were intended to conceal the true ownership and source of funding of the vehicles. Funding of the Defendant Vehicles included

unauthorized and fraudulently obtained payments funded by Northern Drilling.

2007 Jeep Wrangler 4DSW, VIN #1J4GA39197L112548

d. The Defendant 2007 Jeep Wrangler, VIN #1J4GA39197L112548 (the Defendant Jeep Wrangler) was purchased by Trisha Morrow during the fraud scheme on or about May 22, 2021, from the Good Car Company in Fenton, Michigan for the amount of $15,315.20. The vehicle was titled Trisha Morrow after its purchase. Michigan Secretary of State records confirm title to the Defendant Jeep Wrangler was transferred by Trisha Morrow to her daughter, Mackenzy Morrow, on December 22, 2022.

e. Unauthorized Northern Drilling payments to the purchase or benefit of the Defendant Jeep Wrangler include, but are not necessarily limited to, the following:

| Date | Amount | Paid To |
|---|---|---|
| 5/21/21 | $327 | Good Car Company Owner |
| 5/21/21 | $1,035 | Good Car Company Owner |
| 6/22/21 | $156.23 | MI Secretary of State |
| 6/22/21 | $552.90 | MI Secretary of State |
| 6/22/21 | $54.04 | Spies Auto Parts |
| 9/13/21 | $161.62 | Spies Auto Parts |
| 9/14/21 | $107.64 | Spies Auto Parts |

7

| Date | Amount | Vendor |
|---|---|---|
| 9/14/21 | $84.17 | Spies Auto Parts |
| 10/26/21 | $109.64 | CarQuest of Cheboygan |
| 11/19/21 | $39.66 | CarQuest of Cheboygan |
| 12/22/21 | $713.38 | Fernelius Toyota Chrysler Dodge |
| 4/4/22 | $3,102.30 | CarQuest of Cheboygan |
| 4/7/22 | $56.13 | CarQuest of Cheboygan |
| 4/11/22 | $307.43 | CarQuest of Cheboygan |
| 4/12/22 | $58.61 | CarQuest of Cheboygan |
| 4/20/22 | $21.90 | CarQuest of Cheboygan |
| 4/20/22 | $24.74 | Spies Auto Parts |
| 4/22/22 | $94.35 | Spies Auto Parts |
| 4/28/22 | $286.75 | Fernelius Toyota Chrysler Dodge |
| 5/18/22 | $992.22 | Spies Auto Parts |
| 11/11/22 | $996.03 | Fernelius Toyota Chrysler Dodge |
| 11/13/22 | $146.21 | Spies Auto Parts |
| 11/16/22 | $47.26 | Fernelius Toyota Chrysler Dodge |
| 11/26/22 | $249.25 | CarQuest of Cheboygan |
| **Total** | **$9,724.86** | |

<u>2013 Chevrolet Camaro 2DR, VIN #2G1FS1EW6D9239239</u>

f. Mackenzy Morrow is currently the State of Michigan registered owner of the Defendant 2013 Chevrolet Camaro, VIN #2G1FS1EW6D9239239 (the "Defendant Camaro"). The Defendant Camaro was transferred to Mackenzy Morrow by prior Defendant Camaro title holders Trisha Ann Morrow and Gregory Derhammer. Transfer of title from Trisha Morrow and Derhammer to Mackenzy Morrow occurred on December 22, 2022, shortly after Trisha Morrow's home was searched by law enforcement.

8

g. Trisha Morrow and Gregory Derhammer purchased the Defendant Camaro from Summit Automotive a company located in Wisconsin, on or about April 19, 2021. Funding for the purchase included a $2,500 unauthorized Northern Drilling credit card payment to Summit Automotive on April 15, 2021. This amount was ultimately paid for by the Northern Drilling business checking account at First Community Bank.

h. The Defendant Vehicles are traceable to criminal proceeds of wire fraud and constitute property involved in money laundering. As a result, on or about March 30, 2023, the Defendant Vehicles were seized by the United States pursuant to federally authorized seizure warrants.

## CLAIM FOR RELIEF

12. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 11, including all subparagraphs thereunder.

13. The Defendant Vehicles are forfeitable to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), as property that constitutes or is derived from proceeds traceable to a

9

Case 1:23-cv-12199-TGB-PTM ECF No. 1, PageID.10 Filed 08/28/23 Page 10 of 11

Wire Fraud scheme, in violation of 18 U.S.C. § 1343, and as property involved in Money Laundering in violation of 18 U.S.C. § 1956.

## CONCLUSION

Plaintiff, the United States of America, respectfully requests that warrants for the arrest of the Defendant Vehicles be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the aforementioned Defendant Vehicles condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN ISON
United States Attorney

s/GJON JUNCAJ
GJON JUNCAJ (P63256)
U.S. Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-0209
Dated: August 28, 2023    Email: gjon.juncaj@usdoj.gov

## VERIFICATION

I, Travis Lloyd, am a Special Agent of the Federal Bureau of Investigation (FBI). I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

Dated: 8/28/2023

Travis Lloyd, Special Agent
Federal Bureau of Investigation